IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RAVENSWOOD MEDICAL RESOURCES CORPORATION, ) | 04 B 39804 |
| ) | Chapter 7 |
| ) | Jacqueline P. Cox |
| Debtor. ) | |

**COVER SHEET FOR APPLICATION**
**FOR PROFESSIONAL COMPENSATION**
(for final Application)

Name of Applicant:  Cindy M. Johnson of Johnson Legal Group, LLC

Authorized to Provide Professional Services to:  Trustee estate of Ravenswood Medical Resources Corporation, Karen R. Goodman

Date of Order Authorizing Employment:  June 1, 2005 authorized services retroactive to those rendered from January 19, 2005 forward)

Period for Which Compensation is Sought:  From January 19, 2005 through June 18, 2010

Amount of Fees Sought:  $29,118.85 ($22,348.00 in hourly fees and $6,770.85 in contingency fees)

Amount of Expense Reimbursement Sought:  $2,554.62

This is an:  Interim Application _____    Final Application __X___

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 4/22/07 | 1/19/05-3/12/07 | $15,208.13 | $15,208.13 | $   -0- |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:
$15,208.13

Applicant:  Cindy M. Johnson of Johnson Legal Group, LLC

Date: Signed: 6/18/10        By: /s/ Cindy M. Johnson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) Case no. 04 B 39804 |
| RAVENSWOOD MEDICAL RESOURCES CORPORATION. | ) |
| | ) Chapter 7 |
| | ) Hon. Jacqueline P. Cox |
| Debtor. | ) |
| | ) Set for July 14, 2010 |
| | ) at 9:30 a.m. |

## NOTICE OF MOTION

TO:   See attached service list

    PLEASE TAKE NOTICE that on July 14, 2010, at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline Cox in Room 619 of the Dirksen Federal Courthouse, 219 S. Dearborn St., Chicago, Illinois, or, in her absence, before any other Judge who may be sitting in her stead, and shall then and there present **Final Application of Special Counsel for Final Compensation and Reimbursement**, a copy of which is attached hereto and is hereby served upon you.

                                                            /s/ Cindy M. Johnson

Cindy M. Johnson
Johnson Legal Group, LLC
39 South LaSalle Street, Suite 820
Chicago, Illinois  60603
(312) 345-1306

## CERTIFICATE OF SERVICE

    I, Cindy M. Johnson, an attorney, certify that I will cause to be served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system no later than June 23, and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 39 S. LaSalle Street, Chicago, Illinois at no later than 5:00 p.m. on June 22, 2010

                                                             /s/ Cindy M. Johnson

SERVICE LIST

William T. Neary
Office of the U.S. Trustee
Region 11
USTPRegion11.ES.ECF@usdoj.gov

Karen R. Goodman
kgoodman@shefskylaw.com
il24@ecfcbis.com
sfdocket@shefskylaw.com

Richard Fimoff
rfimoff@rsplaw.com
labrams@rsplaw.com

Advanced Medical Optics
Dept. Ch14065
Palatine IL 60055

Alarm Detection Systems
Steven D. Titiner
1700 N. Farnsworth
Aurora, IL  60505-1523

Alcon Laboratories
6201 South Freeway TC 29
Fort Worth, TX  76134-2099

Bayer Healthcare, LLC
1884 Miles Avenue
Elkhart, IN  46514
Attn:  Shirley Beach, F11.110.2

Bio-Rad Laboratories
PO Box 70375
Chicago IL 60673

Bunzi
5772 Collection Center
Chicago IL 60673

Canberra Dover, Inc.
Dorothy E. Trella
Canberra Industries, Inc.
800 Research Parkway
Meriden, CT  06450


Dade Behring, Inc.

Attn:  Yesim Brisbane
Galsgow Business
         Community Bldg 800
P.O. Box 6101 Mailstop
Newark, DE  19711-6101

Dade Behring
135 S. LaSalle St.
Chicago, IL 60674

Datex Ohmeda
PO Box 641936
Pittsburg, PA  15264

Diagnostic Products Corp
5700 W 96th St
Los Angeles CA 90045

Eastern Isotopes
P.O. Box 1096
Ashburn, VA  20146

Exelon
540 W Executive Drive
Willowbrook IL 60527


Gaymar
10 Center Drive
Orchard Park, NY  14127

General Electric Co
c/o Pitney, Hardin, Kipp

685 Third Avenue
New York NY 10017

Lagasse
1339 Collection Center
Chicago IL 60677

Johnson & Johnson 5972
Collection Center
Chicago, IL 60693

McKesson
8741 Landmark Rd.
Richmond, VA  23228

Mallinckrodt, Inc.

P.O. Box  73192
Chicago, IL  60673

Midwest Mechanical
540 Executive Drive
Willowbrook IL 60527

Olympus America, Inc.
2 Corporate Center Dr.
Melville, NY  11747

Preston, Sammons
c/o Joseph Mann & Creed
21430 Chagrin Blvd
Ste 200
Beachwood, OH  44122

Ravenswood Medical
Resources
1229 N. Northbranch., Suite 107A
Chicago, IL 60642

Richard Fimoff
Robbins, Salomon & Patt Ltd.
25 E. Washington St., Suite 1000
Chicago, IL 60693

Ryan Cornerstone
2505 Des Plaines Ave
North Riverside IL 60546

Schein, Henry
135 Duryea Road
Melville, NY  11747

Steris Corporation
c/o United Mercantile
         Agencies
6500 S. 7th Street
Louisville, KY  40201

Unisource Worldwide Inc.
c/o Floyd Babbitt
55 E. Monroe Street
40th Floor
Chicago, Illinois  60603

United States Surgical
150 Glover Avenue
Norwalk CT 06856

Viasys Medsystems/Stackhouse
100 Chaddick Drive
Wheeling, IL  60090


Weck Closure Systems
200 Precision Rd.
Horsham, PA 19044

Wilson-Cook Medical
8 Holly Street
Lakeville CT 06039

Zoll Medical
169 Mill Road
Chelmsford MA  01824

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case no. 04 B 39804 |
| RAVENSWOOD MEDICAL RESOURCES CORPORATION. ) | |
| ) | Chapter 7 |
| ) | Hon. Jacqueline P. Cox |
| Debtor. ) | |
| ) | Set for July 14, 2010 |
| ) | at 9:30 a.m. |

**FINAL APPLICATION OF SPECIAL COUNSEL
FOR INTERIM COMPENSATION AND REIMBURSEMENT**

Cindy M. Johnson (f/d/b/a Johnson & Associates) and the current law firm of which she is a member, Johnson Legal Group, LLC (f/k/a Johnson & Newby, LLC), attorneys for Karen R. Goodman (the "Trustee"), not individually but as Trustee of the estate of Ravenswood Medical Resources Corporation (the "Estate"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code (the "Code"), respectfully applies to this Honorable Court for an award of final compensation and final costs in the amount of $31,673.47, and asks that it grant such other and further relief as the Court upon hearing shall deem just and equitable;

IN SUPPORT WHEREOF, Applicant, and respectfully urges the Court to find, as follows:

**A. BACKGROUND OF THE CASE**

1. On October 26, 2004 (the "Petition Date"), the Debtor filed an Involuntary Petition For Relief (the "Petition"), according to the provisions of Chapter 7 of the Code.

2. On November 30, 2004, an order for relief was entered. Karen R. Goodman was appointed Interim Trustee by the United States Trustee, accepted her appointment,

and from the first meeting of creditors on March 15, 2005, has been acting as the Trustee of the Estate.

### B. BACKGROUND OF THE APPLICANT'S EMPLOYMENT AND NATURE OF SERVICES

3. On June 1, 2005, an order was entered authorizing the employment of "Cindy M. Johnson and Johnson & Associates and any successor law firm and its attorneys" ("hereinafter collectively "Applicant") as Special Litigation Counsel for Trustee to prosecute any cause of action to recover the Estate's interest in assets transferred or otherwise in the possession of the Debtor's principal, James A. Villar ("Villar"). Pursuant to the order of employment, said employment was retroactive to January 19, 2005 (the "Retroactive Employment Date") so as to start from the date that Applicant began performing services to defend the motion to abstain in the involuntary proceeding which was brought by Ravenswood Medical Resources Corporation (the debtor).

4. At the time of its retention, Applicant agreed to represent the Trustee as her legal counsel as aforesaid in consideration of such compensation and reimbursement as the Court might allow upon applications made pursuant to Section 330 or 331 of the Code. Applicant agreed to a reduced rate of $200.00 per hour for Cindy M. Johnson's (parter's) time and $150.00 per hour for Beth Anne Alcantar's (associate's) time, plus a 25% contingency on any monies recovered for the Estate through the efforts of Applicant. (At some point Mr. Newby performed services as a partner, in addition to Johnson at the same $200.00 per hour rate for this case. As some point Ms. Alcantar left the firm and was replaced by John J. Grieger, Jr., at the same $150.00 per hour for this case.)

5. The result of the adversary proceeding was a settlement with Villar wherein he agreed to a payment plan. The case was dismissed with leave to reinstate and to enter a judgment against him if he missed any of his payments and did not timely cure. The settlement agreement was secured by a consensual mortgage given by Villar

against the home owned by Villar and his wife.  Applicant promptly recorded the mortgage upon receipt of the document from Villar.

6. Applicant's suggestion to the Trustee that she settle only if Villar gave the estate a mortgage and Applicant's action to record the mortgage promptly turned out to be crucial, as—upon being pressed by wage garnishment proceedings brought by Applicant on behalf of Trustee—Villar filed a Chapter 7 bankruptcy and received a discharge from his debts (under case number 08 B 20829).  At that point, the only possible method of collection for the estate upon its judgment against Villar was the mortgage.

7. It turns out that at the same time Villar provided the mortgage as part of the settlement with the Trustee, Villar's wife was in the process of re-financing the mortgage on the home, in order to pay old debt, but also to obtain new funds against the house.  Applicant managed to record the estate's mortgage prior to the mortgage recorded by the new lender.

8. The Villars defaulted on the mortgage and the lender brought a mortgage foreclosure proceeding in the Circuit Court of Cook County (case number 08 CH 06987), naming Trustee as a defendant.  In furtherance of the collection efforts of trustee, to protect the only asset that was going to yield any monies for the estate—the mortgage—Applicant defended that proceeding and filed the affirmative defense.  Upon learning that the Trustee's mortgage was filed before the lender's, potentially abrogating, in part or in full, the lender's rights to be equitably subordinated to the rights of the original lender, the lender submitted its claim to the title company for its loan transaction and the title company's attorney was substituted as counsel in the case.  Applicant managed to convince the title company that their rights to equitable subordination were uncertain.  The title company managed to convince Trustee that perhaps the court would find that only 50% of Trustee's interest would beat the equitable subordination because the settlement agreement that led to the mortgage, and the mortgage itself given to Trustee was only from Villar, not also from his wife, the co-owner of the house.

9. With the court's approval, the Trustee settled with the title company by obtaining a lump sum payment of $25,000 in exchange for assigning its mortgage to the lender. Those monies were turned over to the Trustee.

### C. **BACKGROUND AS TO INTERIM FEES PREVIOUSLY AWARDED**

10. On April 12, 2007, Applicant presented its First application for fees to the Court, asking for an amount certain for fees through March 12, 2007 and asking to be allowed to automatically deduct its agreed contingency fee from each settlement payment that Villar paid, as it was paid.

11. The Court indicated that, in its opinion, several time entries on the time sheets were lumped, and the Court suggested that applicant may want to resubmit an amended application for fees.

12. For various reasons, including that the first application did not go out on proper notice, Applicant decided to withdraw that application and file a substituted one. The Substituted First Application dealt with the Court's concerns by breaking down the specific items listed by the court, but, because some of the "lumped" entries only totaled .1, in order to "de-lump" those entries, additional time amounts were listed, but at a $0 value.

   a. For instance, if an entry was, "Left Message for and spoke with Goodman" for .1 of time and $15.00 of fees, in order to de-lump that entry, Applicant changed the listing to be two entries as follows:

   i. "Left message for Goodman (courtesy discount – no charge) " for .1 of time and $0

   ii. "Spoke with Goodman" for .1 and $15.00

This necessarily resulted in an overstatement of the hours being shown for the services rendered. But, because the same total dollar figure was listed for the two entries together as had been listed for the one entry, it also resulted in the same amount being

charged for those services as was being charged when they were combined under a time charge of one-tenth—no overstatement of the dollar amount charged.

13. Upon the Substituted Application, this Court awarded interim fees in the amount of $14,026.35 and costs in the amount of $1,181.78.

### D. **PRELIMINARY OVERVIEW OF APPLICATION**

14. Applicant regularly made and kept records of services rendered on behalf of the Estate, including a summary or description of the services rendered; the date the services were rendered; the attorney who rendered the services; and the time expended to render the services, in one-tenth-hour increments.

15. All services rendered related to the fraudulent conveyance/preference proceeding against Villar, and collection efforts on the judgment eventually entered for Villar's default under the settlement agreement in that case, thus, the services are not further broken down into any categories.

16. The records were made by each attorney employed by Applicant, at or about the time the services were rendered, by means of entering them into the legal time-billing software PC Law, and by reviewing them on a monthly basis for accuracy after printing them from PC Law.

17. The Court has previously indicated that it would not allow Applicant to deduct the agreed contingency fee from each check collected from/on behalf of the amounts due by Villar as they came in, but that Applicant would have to seek payment of the fees due from those payments in this application and future applications. Therefore, for the one payment that was received prior to the filing of the Supplemental First Application (upon which the 25% contingency fee is $530.80) and for the one payment that was received by the trustee due to settlement of the only remaining asset able to be collected upon the judgment (upon which the contingency fee is $6,250.00)

Applicant is requesting final approval of the $6,770.83 contingency fee which is due under the terms under which Applicant was employed.

18. As for the time-billing portion of this application, the report from which the Exhibits referenced below is derived were printed by Applicant from Johnson & Associate's PC Law system for all services rendered prior to July 1, 2005 and from Johnson Legal Group, LLC's (f/k/a Johnson & Newby, LLC's) PC Law system for all services rendered after July 1, 2005.

19. Although the written reports generated by Applicant's PC Law systems reflect, in chronological order, the dates services were rendered, the written reports do not necessarily reflect, in chronological order, the time of day services were rendered. Accordingly, the sequence of the entries on any one date, as appears on the Exhibits referenced below, may not always follow in logical progression.

20. Under this Application, Applicant is also seeking a final award for reimbursement of expenses incurred on behalf of the Trustee. Details regarding those expenses are set forth later in this application.

### E. SUMMARY OF SERVICES RENDERED

21. Since the Retroactive Employment Date, through June, 22, 2009, Cindy M. Johnson, David A. Newby, Beth Anne Alcantar, John J. Grieger, Jr. and Applicant's paralegal have rendered 148.7 total hours of service on behalf of the Trustee for which final compensation is sought. A chronological summary of the services rendered while Johnson & Associates was in existence is attached hereto, identified as **Exhibit A**, and incorporated herein by reference. A chronological summary of the services rendered up to the time of the Supplemental First Application for fees, at Johnson's successor law firm, Johnson & Newby, LLC, is attached hereto, identified as **Exhibit B** and incorporated herein by reference. A chronological summary of services rendered from

March 19, 2007 through June 18, 2010 is attached hereto, identified as **Exhibit C** and incorporated herein by reference.

Applicant seeks final compensation in the amount of $22,348.00 for 148.7 hours of services rendered *(11.9 hours were recorded as "no charge")* and final compensation on the contingency fee portion of its fee agreement in the amount of $6,770.83.

A summary of the costs incurred by Applicant on behalf of the Trustee is attached hereto, at the end of Exhibits A, B, and C. These costs are all costs directly related to Applicant's services to the Trustee. These costs include the adversary filing fee, photocopies (at $.15 per copy which is roughly the amount that Applicant pays in its copier lease for each copy), transcript from the combined 341(a) meeting/Rule 2004 examination, deposition transcript, post judgment enforcement costs, and postage.

Applicant seeks reimbursement for expenses in the amount of $2,554.62.

### E.  SUMMARY OF PERSONNEL WHO RENDERED SERVICES AND AMOUNT OF SERVICES PERFORMED BY EACH PERSON

1. The professional persons listed below rendered legal services to the Trustee. In addition, a paralegal in Applicant's employ rendered minimal amounts of services.

2. Cindy M. Johnson ("CMJ") became licensed as an attorney in 1988. Her current regular hourly rate is $375.00 per hour. She has concentrated her practice in the areas of collection, commercial litigation and bankruptcy. She is familiar with all aspects of collection, from pre-suit through the collection of a judgment in both the state and federal courts. She also has extensive experience representing debtors, creditors and trustees in bankruptcy proceedings. From January 19, 2005 through June 18, 2010, she, personally, has rendered 39.4 hours of service on behalf of the Trustee for which final compensation is sought.

3. David A. Newby ("DAN") became licensed as an attorney in 1985. In his years of practice, he has concentrated in business bankruptcy and creditors' rights. He has

represented clients in these fields at all levels of the state and federal courts in Chicago and around the United States.  From January 19, 2005 through June 18, 2010, he, personally, has rendered .6 hours of service on behalf of the Trustee for which final compensation is sought.

    4.  Beth Anne Alcantar ("BAA") became licensed as an attorney in 1995.  Her regular hourly rate just prior to her leaving Johnson & Newby, LLC was $210.00 per hour. She initially concentrated her practice in various business transactional aspects of the law, including franchise, corporate/limited liability formation, and real estate. Throughout the course of her practice she also represented clients in litigation.  A few years ago she joined the predecessor firm to Johnson & Newby, LLC in order to concentrate more heavily in litigation and to move into the area of creditor representation in bankruptcy.  She is no longer with the firm.  From January 19, 2005 through the date she left the firm, she, personally, has rendered 56.2 hours of service on behalf of the Trustee for which final compensation is sought.

    5.  John J. Grieger, Jr. ("JJG") became licensed as an attorney in 1990.  His regular hourly rate at the time he left Johnson & Newby, LLC in 2009 was $265.00 per hour.  Before arriving at the firm, he concentrated his entire practice in bankruptcy work, for creditors and for a Chapter 13 trustee.  Upon joining the firm, he expanded his practice into commercial litigation and post judgment enforcement in state court. He is no longer with the firm.  From January 19, 2005 through the date he left the firm, he, personally, has rendered 29.7 hours of service on behalf of the Trustee for which final compensation is sought.

    5.  Applicant employs a paralegal in the course of its practice.  During the course of time this interim fee application covers, the paralegal ("PL") rendered 6.5 hours of services on behalf of the Trustee for which interim compensation is sought.

### F.  SUMMARY OF COMPENSATION REQUESTED

1.  Applicant asks the Court to award final compensation in the sum of $22,348.00 for 148.7 hours of services Applicant has rendered since the Retroactive Employment Date through June 18, 2010.

2.  $9,386.00 of the interim compensation is sought for services rendered by Cindy M. Johnson, representing compensation at a rate of $200.00 per hour not including the aforementioned 25% contingency fee. $120.00 of the interim compensation is sought for services rendered by David A. Newby, representing compensation at a rate of $200.00 per hour not including the aforementioned 25% contingency fee. $8,541.00 of the interim compensation requested is sought for services rendered by Beth Anne Alcantar, representing compensation at a rate of $150.00 per hour, not including the aforementioned 25% contingency fee. $3,885.00 of the interim compensation requested is sought for services rendered by John J. Grieger, Jr., representing compensation at a rate of $150.00 per hour, not including the aforementioned 25% contingency fee. The remaining $416.00 is sought for services rendered by Applicant's paralegal, representing compensation at a rate of $65.00 per hour, not including the aforementioned 25% contingency fee.

3.  The award Applicant seeks as interim compensation for services rendered on behalf of the Trustee represents an average rate of compensation of $147.02 per hour.

4.  Further, Applicant seeks approval of its fee of 25% (as agreed by the Trustee and as previously approved under Applicant's retention) on the one settlement installment payment received to date from James Villar ("Defendant"), received on March 30, 2007 and the additional monies recouped through settlement with the title insurance company.  Those payments were in the amount of $2,083.33 and $25,000.00 respectively, and Applicant seeks authorization to be paid a fee a contingency fee of $6,770.83 on that amount.

### G.  STATEMENT WITH RESPECT TO EXPENSES

1.  The only expenses incurred on behalf of the Debtor for which Applicant requests reimbursement are for photocopies, for the transcript of the 341(a) meeting/Rule 2004 examination, the filing fee for the adversary complaint, the transcript for the deposition of the Defendant, post judgment enforcement costs in state court, costs involved in defending the mortgage foreclosure proceeding, in-house copy charges at $.15 per copy (the approximate cost of Applicant's copier lease and paper and a per copy charge) and for postage for large mailings that were sent.  All expenses are being charged to Trustee at the actual cost Applicant incurred for them.

2. The total expense reimbursement requested is $1,181.78.  The expenses are detailed at the end of each Exhibits A, B and C.

3.  Applicant does not seek reimbursement of expenses incurred for routine postage, facsimile transmissions, local or long distance telephone calls or other such administrative functions, although Applicant has incurred such costs in connection with services it rendered on behalf of the Trustee.  *Additionally, Applicant is not seeking reimbursement of copying or postage charges incurred in mailing this final application or for time for appearing in Court to present this final application.*

### H.  STATEMENTS AS TO OTHER MATTERS

1.  All services for which Applicant seeks final interim compensation hereunder were rendered by Applicant solely on behalf of the Trustee.

2.  The rate of compensation Applicant requests for services rendered to the Trustee are below the standard rates other attorneys of similar experience, expertise and reputation generally seek as compensation for comparable services rendered in connection with bankruptcy proceedings within this District. But Applicant's approved 25% contingency fee should raise those rates to near the standard rates in the district if the monies are collected pursuant to the settlement agreement entered into with Villar.

3. Applicant has no agreement or understanding with any person, firm or entity with respect to any determination about the amount of compensation or reimbursement Applicant shall receive for services Applicant renders or expenses Applicant incurs on behalf of the Trustee.

4. No person, firm or entity has promised to provide Applicant any compensation or reimbursement for services Applicant renders or expenses Applicant incurs on behalf of the Trustee. The exclusive source of such compensation and reimbursement, if any, shall be the available funds of the Debtor's Estate.

5. Except as permitted by Section 504(b) of the Code, Applicant has neither shared nor agreed to share with any person, firm or entity, any compensation or reimbursement Applicant may receive for services rendered or expenses incurred on behalf of the Trustee.

## I. **PRAYER FOR RELIEF**

**WHEREFORE**, the Applicant, Cindy M. Johnson of Johnson Legal Group, LLC, and attorneys who were in the employ of Johnson & Associates, Johnson & Newby, LLC, and Johnson Legal Group, LLC, respectfully pray this Honorable Court to grant relief, after hearing upon notice as provided by Rule 2002(a)(7) of the Federal Rules of Bankruptcy Procedure, as follows:

**I.** To award Applicant final compensation in the amount of $22,348.00 for hourly fees and the amount of $6,770.85 for contingency fees earned to date;

**II.** To allow Applicant reimbursement of costs expended in the amount of $2,554.62;

**III.** To direct the Trustee to credit the interim fee allowance of $14,026.35 and costs of $1,181.78 previously paid by the trustee against that amount, and, thus, direct the trustee to disburse additional fees in the amount of $15,092.50 and additional costs in the amount of $1,372.84 to Applicant promptly; and

**IV.**   To grant the Applicant such other and further relief as the Court upon hearing shall deem just and equitable.

                      Respectfully Submitted,
                      CINDY M. JOHNSON and
                      JOHNSON LEGAL GROUP, LLC,


                      BY:   /s/ Cindy M. Johnson
                              Managing member of
                              Johnson Legal Group, LLC


Cindy M. Johnson
Johnson Legal Group, LLC
39 S. LaSalle Street, Suite 820
Chicago, Illinois  60603
312-345-1306